UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GENA MYERS,**

       **Plaintiff,**         CIVIL ACTION NO. 18-cv-11948

       v.         DISTRICT JUDGE DENISE PAGE HOOD

**COMMISSIONER OF**         MAGISTRATE JUDGE MONA K. MAJZOUB
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Gena Myers seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 12). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.**     **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 12) be **GRANTED**.

## II. PROCEDURAL HISTORY

Plaintiff protectively filed an application for supplemental security income on October 21, 2015, alleging that she has been disabled since February 1, 2015, due to epicondylitis in both arms, an inability to lift with her right arm/shoulder, a limited range of motion in her right arm, reconstructive surgery on her right shoulder, osteoarthritis, degenerative disc disease, a mesenteric mass, spinal stenosis in her cervical/lumbar spine, nerve damage in her lumbar spine, radiating pain down both legs, fibromyalgia, depression, anxiety with panic attacks, syncope, and chronic obstructive pulmonary disease. (TR 15, 82, 163-68, 196.) The Social Security Administration denied Plaintiff's claims on May 18, 2016, and Plaintiff requested a *de novo* hearing. (TR 63-82, 102-04.) On September 18, 2017, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) B. Lloyd Blair. (TR 35-62.) The ALJ issued an unfavorable decision on November 20, 2017, and the Appeals Council declined to review the decision. (TR 1-6, 15-28.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 11 at 5-11) and the ALJ (TR 17-27) have set forth factual summaries of Plaintiff's medical record and the hearing testimony. Defendant adopts the ALJ's recitation of the facts. (Docket no. 12 at 4.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

**IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of October 21, 2015, and that Plaintiff suffered from the following severe impairments: status post lumbar interbody fusion (February 2017), degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, cervicalgia, right shoulder tendinosis, left shoulder rotator cuff tendinosis, bilateral epicondylitis, and fibromyalgia. (TR 17.) The ALJ also found that Plaintiff's interstitial cystitis, hypersomnia, major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder were non-severe impairments and that she did not have a medically determinable respiratory impairment. (TR 17-20.) Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 20.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except: the claimant cannot use ladders, scaffolds, or ropes. She can occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs. The claimant must avoid walking on uneven surfaces. She cannot use torque, pneumatic, or power tools. The claimant can frequently, but not constantly, handle and finger. She can only occasionally bend, twist, and turn at the waist or neck.

(TR 20-26.) Subsequently, in reliance on a vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 26-27.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time since October 21, 2015, the date the application was filed. (TR 15, 27.)

**V.     LAW AND ANALYSIS**

    **A.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether

his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six

5

remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because: (1) "the ALJ's Step 3 determination is improper and not supported by substantial evidence;" and (2) "the ALJ failed to obtain a[] medical expert opinion regarding medical equivalency of the listings." (Docket no. 11 at 12, 13-20.)

*1.    The ALJ's Step Three Determination*

At the third step of the sequential evaluation process, a claimant will be deemed presumptively disabled and eligible for benefits if his or her impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). A claimant must satisfy all of the criteria to meet a listing, or have impairments that are medically equivalent to or equal in severity and duration to the criteria of a listed impairment. *Id.*; *Rabbers v. Comm'r,* 582 F.3d 647, 653 (6th Cir. 2009). "Moreover, all of the criteria must be met concurrently for a period of twelve continuous months." *McKeel v. Comm'r of Soc. Sec.*, No. 14-cv-12815, 2015 WL 3932546, at *8 (E.D. Mich. June 26, 2015) (citing 20 C.F.R. § 404.1525(c)(3), (4); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00D ("[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation")). It is the claimant's burden to demonstrate that

6

she meets or equals a listed impairment at the third step of the sequential evaluation process. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). ("A claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder.").

An ALJ is not required to "address every listing" or "discuss listings that the applicant clearly does not meet." *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013). But the ALJ should discuss the relevant listing where the record raises "a substantial question as to whether [the claimant] could qualify as disabled" under that listing. *Id*. (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). To raise a "substantial question" as to whether he has satisfied a listing, "the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432-33 (6th Cir. 2014). "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Id*. at 433.

Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (TR 20.) The ALJ explained:

> No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments.

(TR 20.)

Plaintiff challenges the ALJ's step-three determination on the basis that he failed to mention or evaluate whether Plaintiff's impairments meet or medically equal Listing 1.04A. (Docket no. 11 at 13-17.) Under Listing 1.04A, disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet

7

arthritis, vertebral fracture) are defined as those:

> resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
>> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04. For a disorder of the spine to meet Listing 1.04A, "the simultaneous presence of all of the medical criteria in paragraph A must continue, or be expected to continue, for a continuous period of at least 12 months." Social Security Acquiescence Ruling (AR) 15-1(4), 80 FR 57418-02, 2015 WL 5564523, at *57420 (Sept. 23, 2015) (citing 20 C.F.R. §§ 404.1525(c)(4), 416.925(c)(4)). Stated differently, when the paragraph A criteria "are scattered over time, wax and wane, or are present on one examination but absent on another, the individual's nerve root compression would not rise to the level of severity required by listing 1.04A." *Id.*

Plaintiff argues that the ALJ's failure to mention or evaluate Listing 1.04 is improper because there is a multitude of evidence that raises a substantial question as to whether her impairments meet or medically equal the Listing. Plaintiff also argues that the ALJ's failure in this regard improperly leaves the court to speculate as to which of the multiple elements of the Listing the ALJ felt were not satisfied or equaled. (Docket no. 11 at 15.) Defendant argues that there is no basis for the court to remand this matter for further consideration of Listing 1.04 because Plaintiff fails to show that her impairments met or medically equaled the required medical criteria of Listing 1.04 for twelve consecutive months, and there is no possibility that she could satisfy that requirement. (Docket no. 12 at 9-13.)

8

Plaintiff cites a slew of record evidence in her brief to support her assertion that her impairments could meet or medically equal Listing 1.04A. (Docket no. 11 at 15-16.) Plaintiff does this by citing to the pages of the medical record in which she exhibited each of the medical criteria required under Listing 1.04. Specifically, she lists several medical records that show that she experienced neuro-anatomic distribution of pain, she then lists several medical records in which she exhibited a limited range of motion in her lumbar spine, she lists one record noting that she had muscle weakness and sensory loss, and she lists a few records that contain evidence of pain with straight leg raising.

Plaintiff does not, however, provide any analysis or cite the medical records in such a manner to show that she experienced the simultaneous presence of all of the medical criteria in Listing 1.04A for a continuous period of at least 12 months during the alleged disability period, as is required to meet the Listing. In fact, many of the records cited by Plaintiff indicate the opposite. For example, to show that she experienced "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss," Plaintiff cites the consultative examiner's February 3, 2016 report, in which the examining doctor assessed sensory loss and weakness in Plaintiff's right leg. (Docket no. 11 (citing TR 497).) But as Defendant points out, several other records, including some of the records cited by Plaintiff to show that she experienced radiculopathy or exhibited a decreased range of motion, show that Plaintiff exhibited normal motor strength, *i.e.*, no motor loss, throughout the disability period. (Docket no. 12 at 11 (citing TR 421, 417, 415, 413, 410, 408, 406, 1136, 531, 565, 986, 982, 974, 631, 1006, 961, 957).)

Moreover, in her subsequent argument regarding medical equivalency, Plaintiff admits, perhaps inadvertently, that her impairments do not meet Listing 1.04A by arguing that the "objective findings require the ALJ to obtain a medical expert opinion in accordance with SSR 17-

2p because the requirements of Listing 1.04(A) are *nearly all* met." (*See* docket no. 11 at 19 (emphasis added).) And while a finding of medical equivalence is still possible even if the listing criteria are not satisfied, Plaintiff does not point to any medical findings related to her impairments that are "at least of equal medical significance to the required criteria," *e.g.*, motor loss. *See* 20 C.F.R. § 416.926(b)(1). Thus, Plaintiff has failed to meet her burden of demonstrating that her impairments meet or medically equal Listing 1.04A, nor does she even raise a substantial question in this regard. Accordingly, the ALJ's failure to evaluate Listing 1.04A does not constitute reversible error, and Plaintiff's Motion should be denied with regard to this issue.

### 2. *Plaintiff's Medical Equivalency Argument*

Plaintiff also contends that "the ALJ erred by failing to obtain an expert medical opinion regarding medical equivalency as required by SSR 17-2p." (Docket no. 11 at 17-19.) To the extent that Social Security Ruling (SSR) 17-2p, effective March 27, 2017, applies to Plaintiff's claims, it does not support Plaintiff's argument. As Defendant points out, the record does contain an opinion regarding medical equivalency – from the State agency medical consultant, Saadat Abbasi, M.D., who expressly considered Listing 1.04 in determining that Plaintiff was not disabled. (*See* docket no. 12 at 6 (citing TR 74).) Under SSR 17-2p,

> At the initial and reconsideration levels of the administrative review process, Federal or State agency Medical Consultants (MC) or Psychological Consultants (PC) consider the evidence and make administrative medical findings about medical issues, including whether an individual's impairment(s) meets or medically equals a listing. MCs and PCs are highly qualified medical sources who are also experts in the evaluation of medical issues in disability claims under the Act.

Soc. Sec. Ruling (SSR) 17-2p: Titles II & XVI: Evidence Needed by Adjudicators at the Hearings & Appeals Council Levels of the Admin. Review Process to Make Findings About Med. Equivalence, SSR 17-2p, 2017 WL 3928306, at *3 (S.S.A. Mar. 27, 2017) (footnote omitted). *See*

also Soc. Sec. Ruling (SSR) 96-6p: Titles II & XVI: Consideration of Admin. Findings of Fact by State Agency Med. & Psychological Consultants & Other Program Physicians & Psychologists at the Admin. Law Judge & Appeals Council, SSR 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996) (When an administrative law judge finds that an individual's impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by a Disability Determination and Transmittal Form signed by a State agency medical or psychological consultant.).

Furthermore, SSR 17-2p does not require an ALJ to obtain expert evidence where, as here, he or she determines that an impairment does not medically equal a listing:

> If an adjudicator at the hearings or AC level believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, we do not require the adjudicator to obtain ME evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment.

*Id*., at *4. Accordingly, Plaintiff's argument regarding medical equivalency fails.

## VI. CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 11) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 12).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

11

F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 25, 2019          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 25, 2019          s/ Leanne Hosking
                              Case Manager